# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| BEATRIZ AVAD, | Case No.: |
| PLAINTIFF, | |
| vs. | **COMPLAINT** |
| HILLCREST, DAVIDSON AND ASSOCIATES, LLC, | |
| | **JURY TRIAL DEMAND** |
| DEFENDANTS. | |

NOW COMES THE PLAINTIFF, BEATRIZ AVAD, BY AND THROUGH COUNSEL, MICHAEL B. HALLA, and for her Complaint against the Defendant, pleads as follows:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

## VENUE

2. The transactions and occurrences which give rise to this action occurred in the City of Houston, Harris County, Texas.

3. Venue is proper in the Southern District of Texas, Houston Division.

## PARTIES

4. Plaintiff is a natural person residing in the City of Houston, Harris County, Texas.

5. The Defendant to this lawsuit is Harris, Davidson and Associates, LLC, which is a domestic limited liability company that conducts business in the State of Texas.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff to a third party in the amount of $206.00 (the "alleged Debt").

7. Plaintiff disputes the alleged Debt.

8. On May 21, 2021, Plaintiff obtained her Equifax credit disclosure and noticed Defendant reporting the alleged Debt as a collection item.

9. On or about July 2, 2021, Plaintiff sent Defendant a letter disputing the collection item.

10. On August 18, 2021, a prospective lender, Comenity Capital, obtained Plaintiff's Equifax credit file.

11. On September 7, 2021, Plaintiff obtained her Equifax credit disclosure, which showed Defendant last reported the collection item reflected by the Equifax on August 24, 2021 and failed or refused to flag them as disputed, in violation of the FDCPA.

12. With a disputed item appearing on her credit report as undisputed", Plaintiff's FICO score is improperly depressed. This makes it harder for the Plaintiff to obtain housing, cars and other consumer goods.

13. In the credit reporting industry, data furnishers, such as the Defendant, communicate electronically with the credit bureaus.

14. Defendant had more than ample time to instruct Equifax to flag its collection item as Disputed.

15. Defendant's inaction to have its collection item on Plaintiff's credit report flagged as disputed was either negligent or willful.

16. Plaintiff suffered pecuniary and emotional damages as a result of Defendant's actions. Because Defendant failed or refused to flag its collection item as disputed, Plaintiff's credit score has been improperly depressed, making it harder for her to obtain employment, housing and credit for her day-to-day needs. Her credit report continues to be damaged due to the Defendant's failure to properly report the associated collection item.

**VIOLATION OF**

## THE FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff reincorporates the preceding allegations by reference.

18. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

19. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

20. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6). Defendant's foregoing acts in attempting to collect this alleged debt violated the FDCPA at 15 U.S.C. §1692e by reporting credit information which is known to be false, including failure to communicate that a disputed debt is disputed.

21. Plaintiff has suffered harm and damages at the hands of the Defendant as this harm was one that was specifically identified and intended to be protected against on behalf of a consumer, such as the Plaintiff, by Congress.

22. Defendant's failure to flag its collection items on Plaintiff's consumer credit files is humiliating and embarrassing to the Plaintiff as it creates a false impression to users of her credit report that he has simply ignored this debt when, in fact, he disputes their validity.  Again, the Defendant's failure or refusal to flag it as disputed depresses the Plaintiff's credit score.

23. To date, and as a direct and proximate cause of the Defendant's failure to honor its statutory obligations under the FDCPA, the Plaintiff has continued to suffer from a degraded credit report and credit score.

24. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

### DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiff requests that the Court grant her the following relief against the Defendant:

a. Actual damages;

b. Statutory damages;

c. Punitive damages;

d. Statutory costs and attorneys' fees.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED:  October 18, 2021

Respectfully submitted,

By: */s/ Michael B. Halla*
    Michael B. Halla, Esq.
    Attorney at Law
    Texas State Bar No. 00793128
    187 Rolling Court,
    Lancaster, Texas 75146
    Telephone: (469) 518.0872
    Facsimile: (214) 540.9333
    email: mhalla@hallalawfirm.com
    *Counsel for Plaintiff,*
    *Beatriz Avad*